UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SOMINKCOLE CONNER,<br><br>          Plaintiff,<br><br>     v.<br><br>STEVEN SCAGLIONE and<br>ACCEPTANCE INDEMNITY<br>INSURANCE<br>CO.,<br>          Defendants.<br><br><br>STEVEN SCAGLIONE,<br>          Cross Claimant,<br><br>     v.<br><br>ACCEPTANCE INDEMNITY<br>INSURANCE CO.,<br><br>          Cross Claim Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 4:21-CV-385-SPM<br>)<br>) |

MEMORANDUM AND ORDER

This matter is before the Court on Defendant Acceptance Indemnity Insurance Company's

Motion to Dismiss Crossclaims of Steven Scaglione, or in the Alternative, Motion for Summary

Judgment (Doc. 46). The motion has been fully briefed. The parties have consented to the

jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

(Doc. 18). For the following reasons, the motion will be granted in part and denied in part.

I.      BACKGROUND

On June 16, 2019, Plaintiff Sominkcole Conner was injured in a shooting that occurred at

a bar owned by Defendant/Crossclaimant Steven Scaglione. Conner filed a lawsuit against

1

Scaglione and others in state court (the "Underlying Action"). At the time of the shooting, Defendant Scaglione had an insurance policy (the "Policy") issued by Acceptance Indemnity Insurance Company ("Acceptance"). Acceptance did not provide a defense or coverage to Scaglione, and Conner obtained a judgment against Scaglione in the amount of $2,500,000. Conner filed this equitable garnishment action against Acceptance and Scaglione, arguing that Scaglione had coverage for the Underlying Action under the Policy and that Acceptance was obligated to satisfy the judgment. Scaglione filed crossclaims against Acceptance, alleging bad faith refusal to defend, bad faith refusal to settle, and breach of fiduciary duty.

Acceptance filed a motion to dismiss Plaintiff's claim against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the claim failed as a matter of law because the injuries alleged by Plaintiff were barred by an exclusion in the insurance policy. The Court granted the motion to dismiss, finding that because the allegations in the Underlying Action demonstrated that Plaintiff's claims were excluded from coverage under the Policy, Plaintiff could not establish the elements of an equitable garnishment claim.

After the Court dismissed Plaintiff's claim, Acceptance filed the instant motion, making three alternative arguments: that Scaglione's crossclaims should be dismissed under Federal Rule of Civil Procedure 12(b)(1), because the Court's finding of no coverage rendered those claims moot and deprived the Court of subject matter jurisdiction over the crossclaims; that the crossclaims should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim; and that Acceptance is entitled to summary judgment on Scaglione's crossclaims.

Scaglione opposes Acceptance's motion, arguing that the dismissal of Conner's claims did not render Scaglione's claims moot; that the Court should reconsider its finding of no coverage; and that summary judgment is inappropriate because no matters outside the pleadings have been

presented and because Acceptance has not followed the mandatory summary judgment procedures set forth in this Court's local rules.

## II.   LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss an action based on a lack of subject matter jurisdiction. The party asserting jurisdiction has the burden of establishing that subject matter jurisdiction exists. *Great Rivers Habitat All. v. Fed. Emergency Mgmt. Agency*, 615 F.3d 985, 988 (8th Cir. 2010).

For a claim to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Additionally, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citing *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997)).

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See also Hill v. Walker*, 737 F.3d 1209, 1216 (8th Cir. 2013).

## III.   DISCUSSION

The Court first considers Acceptance's argument that the Court lacks subject matter jurisdiction over Scaglione's crossclaims. Specifically, Acceptance argues that now that the Court has found that the Policy provided no coverage to Scaglione with respect to the claims in the Underlying Action, Scaglione's crossclaims (which are premised on the existence of such coverage) have been rendered moot.

"Article III, § 2, of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies,' which restricts the authority of federal courts to resolving 'the legal rights of litigants in actual controversies.'" *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013) (quoting *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982); additional quotation marks omitted). "If an intervening circumstance deprives the plaintiff of a "personal stake in the outcome of the lawsuit," at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Id.* at 72 (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990)). For example, "a case becomes moot 'when changed circumstances already provide the requested relief and eliminate the need for court action.'" *Prowse v. Payne*, 984 F.3d 700, 702 (8th Cir. 2021) (quoting *Hillesheim v. Holiday Stationstores*, Inc., 903 F.3d 786, 791 (8th Cir. 2018)). A case may also become moot where the plaintiff sues to prevent an event from happening, and then the event occurs while the litigation is pending. *See, e.g., Bacon v. Neer*, 631 F.3d 875, 877 (8th Cir. 2011) ("[T]he appeal of an order denying a preliminary injunction becomes moot if the act sought to be enjoined has occurred.")

The Court does not find Scaglione's crossclaims moot. Acceptance does not cite, and the Court has not found, any cases in which courts have dismissed claims as moot under circumstances like those here. Scaglione has not been provided complete relief on his claims, nor have any intervening circumstances occurred that would make it impossible for him to do so. Despite this Court's finding that the Policy does not provide coverage to Scaglione, Scaglione still maintains the position that it does provide coverage—a position he (and Conner) may advance on appeal to the Eighth Circuit. If the Eighth Circuit disagrees with this Court's interpretation of the Policy, Scaglione may still be able to obtain relief on his crossclaims. Thus, Scaglione still has a personal stake in the outcome of this litigation, there is still an actual controversy here, and his crossclaims

are not moot.

The Court next turns to Acceptance's argument that Scaglione's crossclaims should be dismissed for failure to state a claim under Rule 12(b)(6), based on the Court's finding that the Policy did not provide coverage for the Underlying Action. Scaglione does not argue that any of his crossclaims could succeed despite a finding of no coverage under the Policy; instead, he argues that the Court should reconsider its finding of no coverage. After consideration of Scaglione's arguments, the Court declines to reconsider its finding of no coverage.

In light of the Court's finding that the Policy provides no coverage to Scaglione in the Underlying Action, the fact that each of Scaglione's crossclaims is based on the assertion that Scaglione was covered by the Policy with respect to the allegations in the Underlying Action, and the absence of any argument from Scaglione that he could prevail on any of his claims despite this finding, the Court will dismiss with prejudice Scaglione's cross-claims for bad faith refusal to defend, bad faith refusal to settle, and breach of fiduciary duty. *See, e.g., Great Lakes Ins. SE v. Andrews*, No. 4:19-CV-00953-BCW, 2021 WL 1239826, at *3 (W.D. Mo. Mar. 3, 2021) (finding that in light of the court's finding that an underlying state-court judgment was subject to a policy exclusion and thus not covered, claims for bad faith refusal to settle, breach of contract, and breach of fiduciary duty stemming from the assertion that the judgment was covered all failed as a matter of law), *aff'd*, 33 F.4th 1005 (8th Cir. 2022); *Elec. Power Sys. Int'l, Inc. v. Zurich Am. Ins. Co.*, No. 4:15-CV-1171-CDP, 2016 WL 4990498, at *5 (E.D. Mo. Sept. 19, 2016), *aff'd*, 880 F.3d 1007 (8th Cir. 2018) ("[B]ecause there was no coverage under the Policy, [the insurer] cannot be found to have acted in bad faith in failing to settle the claim."); *Custom Hardware Eng'g & Consulting, Inc. v. Assurance Co. of Am.*, 295 S.W.3d 557, 562 (Mo. Ct. App. 2009) (insurer "does not have a duty to defend if [the court] find[s] that [the insurer] met its burden of showing that the policy's

5

exclusion applied and precluded all possibility of coverage").

Because the Court has dismissed Scaglione's crossclaims with prejudice, it need not consider Acceptance's remaining arguments.

## IV.    CONCLUSION

For all of the above reasons,

**IT IS HEREBY ORDERED** that Defendant Acceptance Indemnity Insurance Company's Motion to Dismiss Crossclaims of Steven Scaglione, or in the Alternative, Motion for Summary Judgment (Doc. 46) is **GRANTED IN PART and DENIED IN PART**, as set forth above.

**IT IS FURTHER ORDERED** that the crossclaims brought by Steven Scaglione are **DISMISSED**, with prejudice.

_____

SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this **28th** day of **June**, **2022**.

6